**UNITED STATES of America**

v.

**Miguel MUNOZ, a/k/a "Beeper", Rodolfo Rodriguez, Enrique Houellemont, a/k/a "Ereppa", Daniel Bretton, a/k/a "Raoul", Cristo Rey Ramirez–Pena, a/k/a "Bacalao", Victor Alberto Gil, a/k/a "Vitico", Nelson Omar Tabar-Laro, Hector Garcia, a/k/a "Jabao", Pedro Pizarro, a/k/a "Bolin", and Marilyn Montalvo, a/k/a "Ramona Munoz", Defendants.**

No. S 90 Civ. 15 (RPP).

United States District Court,
S.D. New York.

May 4, 1990.

---

Otto Obermaier, U.S. Atty., S.D. New York, New York City, Patrick Fitzgerald, for U.S.

Aranda & Guttlein, New York City, Jorge Guttlein, for Miguel Munoz.

Orden & Cohen, New York City, Joel Cohen, for Rodolfo Rodriguez.

Joy L. Vastola, New York City, for Enrique Houellemont.

Christopher W. Chan, New York City, for Daniel Bretton.

Joseph J. Olivero, Rockaway Park, N.Y., for Cristo Rey Ramirez–Pena.

Mordkofsky, Goldstein & Weinstein, Bronx, N.Y., Barry Weinstein, for Victor Alberto Gil.

Michael Bachner, New York City, for Nelson Omar Tabar–Laro.

Marino & Veneziano, New York City, for Hector Garcia.

Charles Brown, New York City, for Pedro Pizzarro.

Ted Delvalle, New York City, for Marilyn Montalvo.

OPINION & ORDER

ROBERT P. PATTERSON, Jr., District Judge.

These are motions by defendants requesting a bill of particulars and the following discovery materials: statements of co-defendants and co-conspirators, *Brady* material, a witness list, and evidence of prior similar acts. Memoranda have been filed by defendants Miguel Munoz, Enrique Houellemont, and Nelson Omar Tabar–Laro. In addition, defendants Daniel Bretton, Hector Garcia and Victor Alberto Gil have adopted the motions and briefs of their co-defendants on these discovery matters.

On February 22, 1990, the defendants who join in these motions [hereinafter "defendants"] were charged, along with four other co-defendants, with one count of conspiring to distribute and possess with intent to distribute in excess of five kilograms of mixtures and substances containing cocaine, and two counts of conspiring to transmit in interstate commerce demands for ransom for the release of a kidnapped person.

The government has made available to each defendant all written and oral statements made after arrest by that particular defendant, prior criminal records of that particular defendant, and all tangible objects, documents and reports of the particular defendant—including tape recordings of telephone conversations, transcripts and translations thereof, photospreads, items seized pursuant to a search warrant, and evidence seized from the victim. The government has handed these materials over without restrictions on showing them to co-defendants.

1. Bill of Particulars

Federal Rule of Criminal Procedure 7(f) grants a court discretion to direct the prosecutor to file a bill of particulars to protect defendant's rights to prepare and present an adequate defense and to be free from double jeopardy. The superseding in-

dictment, filed on February 22, 1990, apprises the defendants of the specific facts upon which the charges are based with adequate precision. The government sets forth the predicate overt acts and time frames in a manner sufficient to prepare an adequate defense and to prevent any threat of double jeopardy. *United States v. Salazar*, 485 F.2d 1272, 1278 (2d Cir.1973), cert. denied, 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1974). Moreover, the supplementation of the indictment with the other pretrial discovery materials enumerated above further assures that defendants' Rule 7(f) interests are protected without the necessity of a bill of particulars.

### 2. Statements of Co-conspirators and Co-defendants

■ The statements made by co-conspirators are not discoverable under Federal Rule of Criminal Procedure 16(a). *In re United States*, 834 F.2d 283, 286–87 (2d Cir.1987); *United States v. Percevault*, 490 F.2d 126, 130–31 (2d Cir.1974). Defendants argue, however, that they are entitled to review any co-conspirators' statements to prevent a violation of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

The holding of *Bruton* is that:

a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial.

*Richardson v. Marsh*, 481 U.S. 200, 107 S.Ct. 1702, 1704, 95 L.Ed.2d 176 (1987). *Bruton* and its progeny, however, do not mandate pretrial disclosure of statements to the defense.

If a prosecutor suspects that co-conspirators' statements present a potential *Bruton* problem, then it is within the prosecutor's discretion to withhold the statements from the defense and present the statements to the court for evaluation. Fed. Rule Crim.Proc. 14; *United States v. Glover*, 506 F.2d 291 (2d Cir.1974). In *Richardson v. Marsh*, the Supreme Court recently examined the methods by which *Bruton* violations can be detected. Justice

Scalia, writing for the majority, concluded that directing the prosecution to share a co-conspirator's statements with the defense during the pretrial stage would be "time consuming," "far from foolproof," and of "doubtful" feasibility. 107 S.Ct. at 1708 (citing Fed.Rule Crim.Proc. 14).

The prosecution has assured the Court that at this time there are no foreseeable *Bruton* problems. Furthermore, defense counsel has stated in open court that they are exchanging any statements by co-defendants after arrest. Accordingly, there is no necessity for the Court to take any action whatsoever at this stage to protect defendants' rights under *Bruton*.

### 3. *Brady* Material

■ *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requires that the prosecution disclose evidence favorable to defendant in a timely manner to assure a fair trial. Although there is no absolute right under *Brady* to pretrial discovery, *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977), the prosecution cannot postpone disclosure of *Brady* material until it is "too late for effective presentation." *United States v. Gleason*, 265 F.Supp. 880, 885 (S.D.N.Y.1967). The government has consented to time its *Brady* disclosures in a non-prejudicial manner. It is premature at this time to direct discovery pursuant to *Brady*. *United States ex rel. Lucas v. Regan*, 503 F.2d 1, 3 n. 1 (2d Cir.1974), cert. denied, 420 U.S. 939, 95 S.Ct. 1149, 43 L.Ed.2d 415 (1975).

### 4. Witness List

■ Defendants seek a list of witnesses whom the government intends to call in its case-in-chief. The applicable standard is "whether 'a specific showing of need for disclosure by the defendant' outweighs 'a specific showing of need for concealment by the government.'" *United States v. Turkish*, 458 F.Supp. 874, 881 (S.D.N.Y. 1978) (quoting *United States v. Cannone*, 528 F.2d 296, 302 (2d Cir.1975)). The defense's need for a list is mitigated because the names of the victim and agents have been provided to defendants in complaints

and discovery materials. Since the nature of the crime is violent and the risk of witness intimidation in a narcotics and kidnapping case is high, the government's interest is weighty and the list need not be provided.

5. Federal Rule of Evidence 404(b) Material

The government agrees that Rule 404(b) requires the disclosure of any prior similar acts before offering them at trial. The government asserts that it does not intend to offer any similar act evidence which has not yet been disclosed and that if it determines that it will offer any currently undisclosed similar act evidence it will make disclosure in a timely, non-prejudicial manner. Since the proper time for presenting Rule 404(b) evidence will most likely be after the defense's case, *United States v. Colon*, 880 F.2d 650 (2d Cir.1989), at this time it would be premature to order any further disclosure of evidence of prior similar acts. If the government intends to offer such evidence in its case-in-chief, it is directed to give the Court and defense counsel adequate notice.

## CONCLUSION

Defendants' motions for a bill of particulars and discovery are denied.

IT IS SO ORDERED.