UNITED STATES of America, Plaintiff,

v.

**Bobby ROBERTSON, Jr., Defendant.**
**No. 97–CR–0256.**

United States District Court,
N.D. New York.

Oct. 30, 1997.

Thomas J. Maroney, U.S. Atty. for the Northern District of New York, (Bernard J. Malone, Asst. U.S. Atty., of counsel), for the Government.

Office of Christopher Rutnik, (Renée N. McLaughlin, of counsel), Albany, NY, for Defendant.

infliction of emotional distress).

*MEMORANDUM–DECISION & ORDER*

KAHN, District Judge.

The defendant was charged in a one count indictment as follows:

That on or about January 14, 1997, in the County of Albany, State and Northern District of New York, BOBBY ROBERTSON, JR., the defendant herein, did knowingly and intentionally possess with intent to distribute and distribute cocaine base, also known as crack cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

On September 22, 1997, the defendant filed an omnibus motion seeking seven different forms of relief. The Government has filed its response and consents to some but not all of the relief sought in the motion. The motion was calendared for the Court's October 17, 1997 motion term and taken under advisement. Defendant's requests for relief will be addressed *seriatim.*

### 1. Bill of Particulars

■ Defendant asserts that the Government should be ordered to serve a bill of particulars because the same is essential to the defense of this case. The Government contends that a bill of particulars is unnecessary in this case. "A bill is appropriate to permit a defendant 'to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'" *United States v. Davidoff,* 845 F.2d 1151, 1153 (2d Cir.1988) (quoting *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir.1987)). In the instant case, the Court finds that the indictment together with the discovery the defendant has been provided is sufficient to provide him with the notice that a bill of particulars would provide. Accordingly, defendant's application for an order compelling a bill of particulars is DENIED.

### 2. Discovery Materials

Defendant next seeks an order compelling the Government to provide him with the discovery material he has sought pursuant to Fed.R.Crim.P. 16. The Government asserts that it has provided the defendant with all discovery materials in its possession save the identities of confidential informants. The defendant asserts that he has not yet received copies of the audio tape, lab reports or search warrant involved in this case. The application is therefore GRANTED to the extent that if the Government has not yet provided these items to the defendant and has possession of the same it shall immediately comply with its obligation to provide the defendant with the appropriate copies. The issue regarding the identity of confidential informants will be addressed below. The Government is, furthermore, directed to immediately provide to the defendant any new discovery materials that come into its possession in the future.

### 3. Audibility Hearing

The defendant seeks a hearing to ascertain whether any recordings that the Government will seek to offer into evidence are audible. The Government notes that the Assistant United States Attorney assigned to try this case has not yet had the opportunity to listen to the audio tapes in question. The Government does not oppose the request for an audibility hearing should the same be necessary. Accordingly, the Court GRANTS the defendant's application for an audibility hearing should the same be deemed necessary by defense counsel upon listening to the subject audio tape. Such a hearing would be conducted immediately prior to the commencement of trial.

### 4. Brady Material

The defendant next seeks an order compelling the Government to turn over all evidence favorable to the defense in accordance with *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Government acknowledges its continuing obligation under *Brady.* Accordingly, this application is GRANTED and the Government is directed to turn over to defendant any such evidence as soon as possible after becoming aware of the same.

### 5. Prior Bad Act Evidence

Defendant next seeks an order compelling the Government to turn over evidence of the

defendant's prior bad acts which could be offered in evidence. The Government responds that it has provided the defendant with a copy of his criminal record and does not know of any other prior bad acts which could be offered in evidence. The Government does affirm, however, that it will put the defendant on notice should such evidence become known to it. Accordingly, this application is DENIED without prejudice to renewal should the Government give notice of the existence of additional bad act evidence.

### 6. Confidential Informants

The defendant next seeks an order compelling the Government to disclose whether any confidential informants exist in relation to this case; whether it intends to utilize the testimony of a confidential informant at trial; and to disclose the identity of any confidential informants. The Government acknowledges confidential informant was utilized in the investigation that preceded defendant's arrest and indictment. The Government however states that it has not decided whether this witness will be called at trial. The Government further notes it will not object to the defendant seeking an order to compel the disclosure of the identity of the confidential informant in the event that he or she is not called at trial. The Government does, however, reserve its right to oppose any such motion.

In *Roviaro v. United States*, 353 U.S. 53, 60–61, 77 S.Ct. 623, 627–28, 1 L.Ed.2d 639, the Supreme Court held that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." However, disclosure of a confidential informant's identity is not required merely because he was a witness to or a participant in the crime charged. *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir.1988). Disclosure will only be compelled if it is "material to the defense" presented. *Id.* In the instant case, the defendant has presently offered nothing other than the bald statement that the confidential informant's identity is necessary to his defense. This an insufficient showing to warrant disclosure. *United States v. Canty*, 971 F.Supp. 687, 693 (N.D.N.Y.1997).

Accordingly, this application is DENIED without prejudice.

### 7. Similar Act Evidence

Lastly, defendant seeks an order compelling the Government to disclose any "similar" or "extrinsic act" evidence in its possession. The Government avers that no such evidence is in its possession. Accordingly, this application is DENIED without prejudice to renewal should the Government give notice that it is in possession of such evidence.

The trial in this matter shall commence at the James T. Foley United States Courthouse, Albany, New York at 9:30 a.m. on Nov 18, 1997.

The Clerk is directed to serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.