**UNITED STATES of America**

v.

**Richard KIPP, et al., defendants.**

**No. 97–CR–145.**

United States District Court,
N.D. New York.

Jan. 21, 1998.

Thomas J. Maroney, Office of the United States Attorney, Binghamton, NY (Thomas P. Walsh, Miroslav Lovric, Asst. U.S. Attys., of counsel), for U.S.

Office of Stephen A. Sutter, Binghamton, NY (Stephen A. Sutter, of counsel), for defendant Kipp.

## MEMORANDUM–DECISION & ORDER

McAVOY, District Judge.

### I. BACKGROUND

On May 21, 1997, defendant Richard Kipp was indicted on charges of knowingly and intentionally conspiring and possessing with intent to distribute and distributing a quantity of cocaine base, a schedule 2 controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

Now before the Court is defendant's motion for an order requesting the following: (1) disclosure of *Giglio, Brady* and Jencks Act material; (2) disclosure of statements between co-conspirators; (3) a bill or particulars; (4) severance (5) the preservation of notes of law enforcement personnel; (6) an audibility hearing; and (7) to join the motions of other defendants.

The Court addresses each request in turn.

### II. DISCUSSION

#### 1. Disclosure of *Giglio, Brady* and Jencks Act Material

█ Pursuant to *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), a prosecutor must disclose exculpatory material upon request by the defense. The scope of evidence required to be disclosed has been expanded to include that which might affect the jury's determination of the credibility of a prosecution witness. *See Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). It is now axiomatic that the prosecutor has an affirmative duty to volunteer evidence that arguably falls within the scope of *Brady,* and, in fact, is presumed to have knowledge of the contents of his files, such that claims that exculpatory evidence was overlooked will not be tolerated. *See United States v. Agurs,* 427 U.S. 97, 110, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Normally, *Brady,* exculpatory material must be provided to the defendant as it becomes known to the prosecution. *See United States ex rel. Lucas v. Regan,* 503 F.2d 1, 3 n. 1 (2d Cir.1974), *cert. denied,* 420 U.S. 939, 95 S.Ct. 1149, 43 L.Ed.2d 415 (1975). In this case, the government acknowledges its continuing duty under *Brady.*

█ *Brady* impeachment material, as well as *Bagley* and *Giglio* material, must be supplied to the defendant with the statements of witnesses producible under 18 U.S.C. § 3500(a) and (b) of the Jencks Act, which is to say these need not be produced until after the relevant witness has testified on behalf of the government. *See United States v. Higgs,* 713 F.2d 39, 44 (3d Cir.1983). The government also acknowledges its responsibilities in this area.

It is the normal practice in the Northern District to require Jencks Act material to be handed over after the jury is selected for trial. To the extent that such material has not been handed over to date, the Court states that it can find no reason to depart from its usual practice and order early production, particularly since the government already seems to have provided Jencks material.

Accordingly, the defendant's motions are DENIED.

#### 2. Disclosure of Statements of Co-conspirators

█ Defendant seeks disclosure of any statements made by any alleged co-conspirators.

█ "The statements made by co-conspirators are not discoverable under Federal Rule of Criminal Procedure 16(a)." *United States v. Munoz,* 736 F.Supp. 502, 504 (S.D.N.Y.1990) (citations omitted). "The plain language of [Rule 16] pertains to the discovery of statements made by the defendant.' The rule does not mention and is not intended to apply to the discovery of statements made by co-conspirators. Such statements are more properly governed by the Jencks Act, 18 U.S.C. § 3500." *United States v. Roberts,* 811 F.2d 257, 258–59 (4th Cir.1987) (en banc). Further, a co-conspirator who testifies for the Government is a witness under the *Jencks* Act; thus, the Government is not required to disclose state-

ments of co-conspirators that it intends to offer in evidence as an admission of the defendant. *In re United States,* 834 F.2d 283, 286–87 (2d Cir.1987). The Second Circuit has held that under the Jencks Act, a court is not permitted to order the production of co-conspirator's statements, and the defendant is not entitled to them, prior to trial. *Id.; see also* 18 U.S.C. § 3500; *United States v. Percevault,* 490 F.2d 126 (2d Cir. 1974).

Accordingly, defendant's motion is denied.

### 3. Bill of Particulars

 Whether or not to grant a motion for a bill of particulars rests in the sound discretion of the trial judge. *United States v. Panza,* 750 F.2d 1141, 1148 (2d Cir.1984). A bill of particulars enables the defendant to prepare a defense, interpose a plea of double jeopardy, and prevent surprise at trial. *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir.1987). There is no requirement, however, that the government particularize its evidence. *United States v. Davidoff,* 845 F.2d 1151, 1152 (2d Cir.1988); *United States v. Torres,* 901 F.2d 205, 234 (2d Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990). A bill of particulars should only be required when the charges in the indictment are so general that they fail to appraise the defendant of the specific acts of which he is accused. *Torres,* 901 F.2d at 234; *United States v. Feola,* 651 F.Supp. 1068, 1132 (S.D.N.Y.1987), *aff'd,* 875 F.2d 857 (2d Cir.), *cert. denied,* 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989). Supplying evidentiary detail is not the function of the bill of particulars. *Torres,* 901 F.2d at 234. It is not meant to be a method for compelling disclosure of the government's evidence prior to trial. *United States v. Lebron,* 222 F.2d 531, 535–36 (2d Cir.), *cert. denied,* 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955). Generally, if the information sought by the defendant is provided in the indictment or through some other means, a bill of particulars is not necessary. *Bortnovsky,* 820 F.2d at 574.

In the present case, defendant seeks, *inter alia,* the particular times, dates, and locations of the alleged possession, distribution, and conspiracy. The government, in response, claims that the discovery items that have been provided, and will continue to be provided, adequately appraise the defendant of both the crimes charged and the general outline of the government's case. The government also offers to provide the defendant with a detailed explanation of the crimes charged in the indictment and the evidence that it will produce against him.

The Court finds that the discovery provided thus far, along with the additional discovery that the government has agreed to provide as more information becomes available, is sufficient to allow the defendant to prepare his defense and to avoid surprise.

Accordingly, the defendant's motion for a bill of particulars is DENIED.

### 4. Severance

 Defendant moves for severance of his trial from the other defendants. Defendant argues that he will be prejudiced because more than eighty defendants have been indicted on more than 60 counts, whereas he is charged with only one count.

 The decision to grant a motion for severance falls within the discretion of the trial court. Fed.R.Cr.P. 14. The significant burden of showing that a separate trial is needed is placed on the moving party. *United States v. Panza,* 750 F.2d 1141, 1149 (2d Cir.1984). "The defendant seeking a severance must shoulder the difficult burden of showing that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials." *Panza,* 750 F.2d at 1149; *United States v. Losada,* 674 F.2d 167, 171 (2d Cir.), *cert. denied,* 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982). The moving party must show "substantial prejudice," which must be more than evidence of "a better chance of acquittal" if severance was granted. *United States v. Potamitis,* 739 F.2d 784, 790 (2d Cir.), *cert. denied,* 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 269 (1984). Severance should only be granted when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the

jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 538, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Severance may be granted, however, if the defendant shows that the jury could not reasonably be expected to "compartmentalize" the evidence as it relates to him and that failure to sever will prejudice him to the point that he is denied a fair trial. *United States v. Dickens,* 695 F.2d 765, 778 (3d Cir.1982), *cert. denied,* 460 U.S. 1092, 103 S.Ct. 1792, 76 L.Ed.2d 359, *and cert. denied,* 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983).

 Here, defendant fails to offer evidence of "substantial prejudice," as the law requires. A defendant needs to show more than simply "a better chance of acquittal" if severance is to be granted. *See Potamitis,* 739 F.2d at 790. Moreover, severance is not warranted merely because certain evidence is admissible only against others. *See Panza,* 750 F.2d at 1149. Perhaps most important, more than seventy of the other defendants have entered pleas of guilty, thus negating defendant's concerns relating to the large number of defendants to be tried.

For these reasons, defendant's motion for severance is DENIED.

### 5. Preservation of Notes of Law Enforcement

 Defendant seeks an order that the government's agents preserve all rough notes regarding the investigation. The well established rule in the Second Circuit is that "[government agents] need not preserve such notes if the agents incorporate them in formal reports." *See United States v. Elusma,* 849 F.2d 76, 79 (2d Cir.1988), *cert. denied,* 489 U.S. 1097, 109 S.Ct. 1570, 103 L.Ed.2d 936 (1989); *United States v. Gotchis,* 803 F.2d 74, 77–78 (2d Cir.1986); *United States v. Sanchez,* 635 F.2d 47, 66 n. 20 (2d Cir. 1980). Therefore, to the extent that as any such rough notes are not memorialized in formal reports, they shall be preserved.

### 6. Audibility Hearing

Defendant requests an audibility hearing to determine the admissibility of certain tape recorded conversations involving the defendant.

 The mere fact that some portions of a tape recording are inaudible does not by itself require exclusion of the tape. *United States v. Arango–Correa,* 851 F.2d 54, 58 (2d Cir.1988). "Unless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy the recording is admissible, and the decision should be left to the sound discretion of the judge." *United States v. Bryant,* 480 F.2d 785, 790 (2d Cir. 1973) (quoting *Monroe v. United States,* 234 F.2d 49, 55 (D.C.Cir.), *cert. denied,* 352 U.S. 873, 77 S.Ct. 94, 1 L.Ed.2d 76 (1956)). The Second Circuit favors admission of recordings even if they contain some inaudible portions. *See Arango–Correa,* 851 F.2d at 58 (citations omitted). When determining whether such recordings are admissible, a court must consider "the probative nature of the tapes, and not merely their audibility." *Id.* at 58–59. The determination of admissibility must be made outside the presence of the jury and after an objection is made by the defendant. *See Bryant,* 480 F.2d at 789–90.

Here, the government does not object to an audibility hearing being held prior to trial. Thus, the admissibility of any audio tapes will be determined at a hearing directly before trial.

### 7. Join Motions of Co–Defendants

Lastly, defendant seeks to join in any motions made by his co-defendants. However, to allow such joinder would inhibit the government's ability to reply effectively. Defendant's motion is denied.

## III. CONCLUSION

For the reasons stated above, defendant's motions are denied, except that an audibility hearing will be held directly before trial to determine the admissibility of various audio tapes, and any rough notes made by government agents that are not included in formal reports shall be preserved.

**IT IS SO ORDERED.**