**UNITED STATES of America,
Appellant,**

v.

**Clarence Paul ROBERTS and Linwood Lee Lloyd, Appellees.**

No. 85–5122.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 8, 1986.
Decided Feb. 13, 1987.

---

**3.** *See, e.g.,* S.C.R.Civ.P. 11(a); Va.Sup.Ct.R. 1:4(a), (c); W.Va.R.Civ.P. 11.

258

John F. Depue, Dept. of Justice, (Samuel T. Currin, U.S. Atty., John Stuart Bruce, Asst. U.S. Atty. on brief), for appellant.

J. Randolph Ward on brief, for appellees.

Before WINTER, Chief Judge, RUSSELL, WIDENER, HALL, PHILLIPS, SPROUSE, ERVIN, CHAPMAN, WILKINSON, and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge, Sitting In Banc.

PER CURIAM:

Appellees Clarence Paul Roberts and Linwood Lee Lloyd were charged with offenses related to Douglas Freeman Ross' attempt to conceal his illicit drug proceeds by purchasing certain real estate. Appellee Roberts, along with codefendant Ross, was charged with conspiracy to obstruct justice by participating in sham real estate transactions and with related substantive obstruction offenses. In addition, both Roberts and Lloyd were charged with making false statements before a grand jury in connection with its investigation of the real estate transactions.

Appellees entered pleas of not guilty and filed motions for discovery pursuant to Fed.R.Crim.P. 16(a). The motions sought, among other things, the disclosure of any statement made by a codefendant, especially by Ross, which might be imputed to appellee Roberts under the government's conspiracy theory.

A magistrate ordered the government to comply with this discovery request, and, on the authority of *United States v. Jackson*, 757 F.2d 1486 (4th Cir.1985), the district court affirmed the magistrate's order. The government, however, opposed the discovery order, claiming that disclosure would threaten the safety of its witnesses. In light of the government's refusal to comply, the district court entered an order that any co-conspirator statements admissible under Fed.R.Evid. 801(d)(2)(E) would be suppressed at the defendants' forthcoming trial. The government appealed the suppression order, and the panel, in an opinion which elaborated upon the holding in *Jackson*, affirmed the district court. 793 F.2d 580 (4th Cir.1986).

We now vacate the decision of the panel and reverse the suppression order of the district court. The plain language of Fed. R.Crim.P. 16(a)(1)(A) pertains to the discovery of statements "made by the defendant." The rule does not mention and is not intended to apply to the discovery of statements made by co-conspirators. Such

statements are more properly governed by the Jencks Act, 18 U.S.C. § 3500.

When the statements of persons other than the defendant are sought, questions of witness safety necessarily arise. The phrase "witness safety" incorporates our concerns about those persons whose inculpatory statements may be introduced at trial. The dichotomy the dissent would have us draw between declarants and witnesses is utterly unrealistic. It fails to recognize, among other things, that the disclosure of co-conspirator statements may expose not only the declarant to threats and intimidation, but also those expected to testify at trial concerning the declarant's statements. This approach endangers government witnesses by circumventing the protections of the Jencks Act, and we reject it.

In reaching this result, we adopt the reasoning set forth in the separate concurrence in *United States v. Jackson*, 757 F.2d at 1492–94 (Wilkinson, J.). That opinion explains in detail why the alleged "spirit" of the rules is no substitute for their plain meaning, why the safety and well-being of witnesses is compromised by the position of the dissenting judges, and why the reading of the rules adopted herein poses for criminal defendants no danger of unfair surprise.

We remand the case for further proceedings in accordance with this opinion.

REVERSED and REMANDED.

JAMES DICKSON PHILLIPS, Circuit Judge, dissenting:

I respectfully dissent for the reasons explained in the vacated panel opinion. 793 F.2d 580 (4th Cir.1986).

In particular, contrary to the majority's assertion, the Jencks Act, 18 U.S.C. § 3500, simply does not "govern" the pre-trial discovery of co-conspirator statements when, as here, the co-conspirator is not a prospective witness.

No one attempting fairly to divine the proper application to co-conspirator statements of Fed.R.Crim.P. 16(a)(1)(A) (pre-trial discovery of "defendant statements"); Fed.

R.Evid. 801(d)(2)(E) (co-conspirator "hearsay" declarations admissible as admissions of a defendant); and Fed.R.Crim.P. 26.2 (Jencks Act bar to pre-trial disclosure of prospective witness statements) could fail to appreciate that the three rules in combination do not yield a "literal" answer.

For the panel opinion's reasonable and just accommodation of the conflicting interests of prosecution and accused well within the spirit of the most pertinent rules the en banc majority has substituted a woodenly rigid approach plainly violative of the manifest spirit of the rules in combination. Instead of leaving the question of disclosure in particular cases to the circumscribed discretion of district judges, the majority, claiming a "literalist" approach to rule interpretation, has left disclosure entirely to the discretion of government prosecutors, adopting the government's extreme litigation position here lock-stock-and-barrel.

The practical result is that while an accused may protect himself against the risk of being surprised at trial by his own falsely reported statements, he may not protect himself against the much more treacherous risk of surprise by falsely attributed or reported hearsay statements of a "co-conspirator" admitted against him by the "fiction" that they are his own. It can only be hoped that if this is what the rules "literally" prescribe, the rules-makers will give renewed attention to a problem that has already occupied them considerably in recent years.

I am authorized to say that Chief Judge WINTER, Judge ERVIN, and Senior Judge BUTZNER join in this opinion.