**UNITED STATES of America**

v.

**Claudius W. KING, a/k/a Roots, a/k/a King, Defendant.**

No. 88–21–01–CR–5.

United States District Court,
E.D. North Carolina,
Raleigh Division.

Aug. 5, 1988.

Asst. U.S. Atty. William A. Webb, Raleigh, N.C., for the government.

William W. Plyler, Raleigh, N.C., for defendant.

### ORDER

WALLACE W. DIXON, United States Magistrate.

This matter is before me on omnibus motions filed by the defendant, Claudius W. King, within the time set by the court's pre-trial scheduling order, having been referred for ruling by Judge Boyle. The government's response time as allowed in the pre-trial scheduling order has run but there have been no timely responses. Thus, these motions are ripe for disposition.

Defendant stands charged in five counts of a seven-count superceding indictment with violations stemming from a series of alleged controlled substances violations during the period from September, 1987, until June 14, 1988. Specifically, count 1 charges defendant with intentionally and unlawfully engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. Count 2 charges the defendant,

with others, of conspiracy to possess with intent to distribute and distribution of in excess of 5 kilograms of cocaine and marijuana in this district and elsewhere. Count 3 charges the defendant with using or carrying a firearm during and in relation to a drug trafficking crime. Count 5 charges the defendant with interstate travel in promotion of a business enterprise involving the sale and distribution of controlled substances. And, count 7 charges the defendant with attempted possession with the intent to distribute 250 grams of cocaine. What follows is the court's treatment of the defendant's various motions, unfortunately without the benefit of a response from the government.

## MOTION TO PRESERVE ROUGH NOTES

■■■ The rule in this circuit is that investigative notes of government agents, rough or typed, made in the course of witness interviews, which are later incorporated in the agent's formal report, are not statements within the meaning of the Jencks Act, 18 U.S.C. § 3500. *United States v. Hinton,* 719 F.2d 711, 722 (4th Cir.1983), *cert. denied,* 465 U.S. 1032, 104 S.Ct. 1300, 79 L.Ed.2d 699 (1984). Therefore, as a matter of strict compliance with the Jencks Act, the motion is DENIED. However, those notes may contain exculpatory or impeaching material which must be disclosed. Thus, the motion to *retain* rough notes pending the conclusion of trial is GRANTED and the government is ORDERED to immediately disclose all exculpatory or impeaching material. *See United States v. Harris,* 543 F.2d 1247 (9th Cir.1976); *United States v. Harrison,* 524 F.2d 421 (D.C.Cir.1975). These same rulings apply with respect to any tape recordings of witnesses.

## MOTIONS RELATED TO RULES 16 DISCOVERY, *BRADY,* ETC.

A number of defendant's motions relate generally to the government's disclosure obligations under Rule 16, Fed.R.Crim.P., and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny. Local practice rules in this district impose a further obligation upon the attorney for the government and require the scheduling of a pre-trial conference at which Rule 16 materials should be given to a defendant. Local Rule 43.00, E.D.N.C. From the information provided by the defendant in support of his motions for discovery, unrefuted by the government, the court concludes the government has failed to provide all materials minimally required by the Local Rules. *See* defendant's July 11, 1988, Statement Pursuant to Local Rule 43.03 and 43.04, Defendant's Motion to Compel Discovery in Compliance with Local Rule 43.01.

Accordingly, the government is ORDERED to provide the defendant with *all* Rule 16(a)(1)(A) statements; with Rule 16(a)(1)(B) prior criminal records; with Rule 16(a)(1)(C) documents and tangible objects; and, with Rule 16(a)(1)(D) reports of examinations and tests. The government is not obligated to disclose non-witness interviews, or even prospective witness interviews, or reports, memoranda, or other internal government documents in connection with the investigation or prosecution of the case, except as required by *Brady* and its progeny. Rule 16(a)(2), Fed.R.Crim.P.; *United States v. Mills,* 641 F.2d 785, 790 (9th Cir.), *cert. denied,* 454 U.S. 902, 102 S.Ct. 409, 70 L.Ed.2d 221 (1981) ("Federal Rule of Criminal Procedure 16(a)(2) excludes from pre-trial discovery, statements made by government witnesses or prospective government witnesses, except as provided in 18 U.S.C. § 3500."); *United States v. Greeley,* 471 F.2d 25, 26 n. 1 (3rd Cir. 1972), *cert. denied,* 413 U.S. 920, 93 S.Ct. 3070, 37 L.Ed.2d 1042 (1973) (criminal investigation agency interview reports not discoverable).

Next, the government is ORDERED forthwith to disclose or produce any evidence which tends to establish the defendant's innocence, to mitigate punishment, or to impeach, discredit or contradict the testimony of any witness whom the government anticipates calling at trial. *Brady v. Maryland, supra; Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). In this regard, I note that nothing in the Fourth Circuit's recent holding in *United States v. Roberts,* 811 F.2d 257

(1987) (*en banc*) overrides the government's obligations under *Brady* and *Giglio*.

■ In addition to the general duty under *Brady v. Maryland, supra,* to produce exculpatory evidence, the government is required to disclose all information which might arguably be used to impeach or discredit a government witness at trial. *Giglio v. United States, supra; Giles v. Maryland,* 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); *Cantone v. Superintendent, New York Correctional Facility at Green Haven,* 759 F.2d 207 (2d Cir.1985), *cert. denied sub nom. Cantone v. Scully,* 474 U.S. 835, 106 S.Ct. 109, 88 L.Ed.2d 89 (1986). A defendant is entitled to all exculpatory or mitigating evidence in the government's possession, including evidence pertinent to a witness' credibility or reliability. *United States v. Feola,* 651 F.Supp. 1068, 1135 (S.D.N.Y.1987). Thus, the law requires that in addition to exculpatory statements of government witnesses, the defendant shall be provided the complete prior criminal record of the witness as well as information regarding all prior material acts of misconduct of the witness. *See United States v. Seijo,* 514 F.2d 1357 (2d Cir.1975), *cert. denied,* 429 U.S. 1043, 97 S.Ct. 745, 50 L.Ed.2d 756 (1977); *United States v. Rosner,* 516 F.2d 269 (2d Cir. 1975), *cert. denied,* 427 U.S. 911, 96 S.Ct. 3198, 49 L.Ed.2d 1203 (1976). In this same vein, defendant is obviously entitled to any inconsistent statements made by a witness with respect to the events at issue and statements made by the witness concerning any significant memory loss.

■ Furthermore, the government must reveal all promises of leniency, immunity, or other similar inducements to testify, *United States v. Joseph,* 533 F.2d 282, 286–87 (5th Cir.1976), *cert. denied,* 431 U.S. 905, 97 S.Ct. 1698, 52 L.Ed.2d 389 (1977); *United States v. Feola, supra,* including additional plea agreements, letters of immunity, etc., which materialize from on-going discussions with other actors in the transactions at issue. *See United States v. Davenport,* 753 F.2d 1460, 1462 (9th Cir.

1985). Finally, the government must disclose any records or information within its possession which might be useful to the defense in impeaching a government witness or which would reasonably lead to such impeaching evidence, including, *inter alia,* psychiatric reports and evidence of narcotics addiction or useage. *See, e.g., United States v. Society of Independent Gasoline Marketers of America,* 624 F.2d 461 (4th Cir.1980).

■ Turning to two specific requests within defendant's discovery motions, first defendant seeks disclosure of all co-conspirator statements which the government intends to introduce at trial against the defendant pursuant to Fed.R.Evid. 801(d)(2)(E). Unfortunately for defendant, the Fourth Circuit has specifically addressed this question *en banc* and held that the plain language of Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure pertains only to the discovery of statements "made by the defendant" and does not mention nor does it apply to discovery of statements made by co-conspirators. *United States v. Roberts,* 811 F.2d at 258. These statements are now governed solely by the *Jencks* Act, which does not allow for early pre-trial disclosure. *Id.* at 259. Although this court finds Judge Phillips' panel opinions in *United States v. Jackson,* 757 F.2d 1486 (1985), *Roberts,* 793 F.2d 580 (1986), and his dissent in the *en banc Roberts* decision well-reasoned, persuasive, and cogent,[1] those views do not command a majority of the judges of the Fourth Circuit. Accordingly, defendant's motion for pre-trial disclosure of statements made by co-conspirators in this case, imputable to the defendant *via* Fed.R.Evid. 801(d)(2)(E), is DENIED. Like Judge Phillips, I believe "[t]he practical result [of *Roberts* ] is that while an accused may protect himself against the risk of being surprised at trial by his own falsely reported statements, he may not protect himself against the more treacherous risk of surprise by falsely attributed or reported hearsay statements of a 'co-conspirator' admitted against him by

---

**1.** *See also United States v. Gallo,* 654 F.Supp. 463 (E.D.N.Y.1987) (Weinstein, Chief Judge).

the 'fiction' that they are his own." 811 F.2d at 259. Nonetheless, for now, that is the law of this circuit.

■ Defendant also moves for a list of names and addresses of all witnesses the government intends to call at trial. No specific statute or rule mandates pre-trial disclosure of witness lists in non-capital cases. *United States v. Steel*, 759 F.2d 706 (9th Cir.1985); *United States v. Dark*, 597 F.2d 1097 (6th Cir.), *cert. denied*, 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 183 (1979). However, the general discretion of district courts to compel the government to identify its witnesses is widely acknowledged. *See, e.g., United States v. John Bernard Industries, Inc.*, 589 F.2d 1353 (8th Cir. 1979); *United States v. Chaplinski*, 579 F.2d 373 (5th Cir.), *cert. denied*, 439 U.S. 1050, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978); *United States v. Sclamo*, 578 F.2d 888 (1st Cir.1978); *United States v. Dreitzler*, 577 F.2d 539 (9th Cir.1978); *United States v. Cannone*, 528 F.2d 296 (2d Cir.1975).

■ Generally, the rule for disclosure can be stated succinctly: to obtain a government witness list a defendant must make a specific or "particularized" showing that such disclosure is both material to the preparation of his defense and reasonable in light of the circumstances. *See United States v. Price*, 448 F.Supp. 503 (D.Colo. 1978) and cases cited therein. A conclusory statement that a witness list is needed to prepare for trial in a routine case is not sufficient. *Sclamo, supra*.

In the case at bar, a conclusory statement of need is, at best, all defendant proffers. Clearly, under the above standard for disclosure, that is not enough and defendant's motion is DENIED.

## MOTION FOR DISCLOSURE OF RULE 404(b) EVIDENCE

■ Next, defendant has moved the court for early disclosure of other crimes, wrongs or acts of the defendant which might arguably be admissible under Fed.R. Evid. 404(b). Defendant asserts, and the government does not contradict, that the United States will attempt to introduce 404(b) evidence at trial. Defendant, seemingly aware of at least the general nature of this evidence, claims he will move to exclude this evidence. Since the introduction of 404(b) evidence often raises complex questions requiring a difficult balance between probative value and prejudice, the court concludes that the better course would be to require the government to disclose this evidence sufficiently in advance of trial to allow both parties ample opportunity to prepare and research any motion *in limine* by the defendant to exclude said evidence. In many jurisdictions, 404(b) questions are the most frequently litigated issues in criminal appeals. 22 Wright & Graham, *Federal Practice and Procedure: Evidence* § 5239 (1978). The erroneous admission of uncharged misconduct too often provides a fertile ground for reversal in criminal cases. *See, e.g., United States v. Simon*, 842 F.2d 552 (1st Cir. 1988) (Torruella, J., concurring); *United States v. Rivera*, 837 F.2d 906 (10th Cir. 1988); Casenote, 1978 Ariz.St.L.J. 153, 156.

Accordingly, since the potential for prejudicial error is significant with regard to this evidence, since the court can see no prejudice to the government from early disclosure, and since pre-trial disclosure will give defendant an opportunity to formulate and the court to rule on objections to its admissibility prior to trial, the government is ORDERED to disclose to the defendant, forthwith, the evidence it intends to use to establish that the defendant's participation in other crimes, wrongs, or acts shows motive, opportunity, intent, preparation, etc . . . , even if those acts are outside the indicted charges. *See United States v. Baum*, 482 F.2d 1325 (2d Cir. 1973); *Riggs v. United States*, 280 F.2d 750 (5th Cir.1960).[2]

## MOTION FOR DISCOVERY OF ELECTRONIC SURVEILLANCE

Next, the defendant seeks entry of an order, pursuant to 18 U.S.C. § 3504, requir-

---

**2.** Other magistrates and judges in this district have similarly required disclosure. *See, e.g., United States v. Stevens*, No. 86–93–01–CR–3

(Order of February 18, 1987) (McCotter, Magistrate).

ing the government to affirm or deny the existence of electronic surveillance in this case and further seeks disclosure of voice records, tapes, etc., obtained in the conduct of electronic surveillance. Although the defendant fails to allege the first fact, even on information and belief, to support an inference that *illegal* electronic surveillance occurred *sub judice*, defendant opines he is entitled to a government response to his inquiry under broad, but undefined, constitutional and statutory grounds. Unfortunately for defendant, his conclusory assertion of need, absent any indication the government actually conducted *illegal* surveillance, is not nearly enough to force the government to respond.

18 U.S.C. § 3504 provides, in pertinent part:

> (a). In any trial, hearing, or other proceeding in or before any court ...
>
> (1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act ...

■ As is apparent from the quoted statutory language above, only when defendant asserts a claim of illegal electronic surveillance must the government "affirm or deny the occurrence of the alleged unlawful act." *In re Grand Jury Proceedings*, 786 F.2d 3, 7 (1st Cir.1986) *quoting In re Quinn*, 525 F.2d 222, 225 (1st Cir.1975). Thus, § 3504(a)(1) envisions at least some preliminary showing by the defendant as a condition-precedent to requiring the government to respond. *In re Grand Jury 11–84*, 799 F.2d 1321, 1323 (9th Cir.1986). As formulated by a number of lower federal courts, a claim of illegal electronic surveillance must have at least a "colorable basis" before the government is forced to deny the fact of such surveillance. *United States v. James*, 609 F.2d 36, 51 (2d Cir. 1979). Mere conclusory allegations or suspicions that electronic surveillance has occurred are insufficient to mandate a

government response. *Id. See also United States v. Nabors*, 707 F.2d 1294, 1301–02 (11th Cir.1983) ("The claim to trigger [§ 3504] must be more than an allegation that unlawful surveillance may have occurred ... it must be a positive statement that unlawful surveillance did in fact take place."); *United States v. Pacella*, 622 F.2d 640, 643 (2d Cir.1980); *United States v. Tucker*, 526 F.2d 279, 282 (5th Cir.), *cert. denied*, 425 U.S. 958, 96 S.Ct. 1738, 48 L.Ed.2d 203 (1976).

In the case at bar, although defendant clearly asserts sufficient facts to establish electronic surveillance actually took place, he fails to assert any facts from which the court can reasonably infer the existence of a "colorable claim" of *illegal surveillance*. Accordingly, pursuant to § 3504, defendant's motion must be DENIED.

## MOTION FOR JENCKS MATERIAL

■ Next, the defendant has moved for early disclosure of Jencks material, but he recognizes that Title 18 U.S.C. § 3500 provides that in a criminal prosecution by the United States, no statement or report in the possession of the United States which was made by a government witness or a prospective government witness can be the subject of discovery or inspection *until* the witness has testified on direct examination in the trial of the case. However, the defendant seeks early disclosure to prevent a stream of recess requests to review statements provided in accordance with the strict time constraints of the statute. Nevertheless, it has been held that "Rule 16(b) and § 3500 prohibit a district judge from ordering production of statements of government witnesses, whether or not they are co-defendants, before they have testified." *United States v. McMillen*, 489 F.2d 229, 230 (7th Cir.1972). *See also United States v. Roberts, supra.* Although courts can encourage the practice of pre-trial disclosure of Jencks Act material in order to expedite the trial, the government cannot be compelled to disclose statements of a witness before the conclusion of his direct examination. *United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979); *United States v. Murphy*, 569 F.2d

771, 774 (3rd Cir.), *cert. denied,* 435 U.S. 955, 98 S.Ct. 1588, 55 L.Ed.2d 807 (1978). The defendant has cited no authority from this circuit to the contrary and I have found none.[3] Indeed, this circuit appears to follow the general rule as stated above. *United States v. Roberts, supra; United States v. Jackson,* 757 F.2d at 1491; *United States v. Peterson,* 524 F.2d 167, 175 (4th Cir.1975); *United States v. Anderson,* 481 F.2d 685, 694 (4th Cir.1973). But, I do believe that an orderly trial will be better served by delivering Jencks material on the Friday before jury selection the following Monday. Unless the government comes forward with a showing that this should not be done, the government is SO ORDERED to disclose *Jencks* material in accordance with this prescribed schedule.[4]

## MOTION FOR DISCLOSURE OF IDENTITY OF INFORMANTS

 In the last of his motions aimed at pre-trial disclosure, the defendant has moved the court for an order directing the government to disclose the identity of informants used in the investigation of this case. However, to date, neither the court nor the defendant is informed whether informants were in fact used. Moreover, the government has a qualified privilege to withhold the identity of its informants so as to encourage members of the public to aid in criminal investigations without fear of reprisal. *United States v. Smith,* 780 F.2d 1102, 1107 (4th Cir.1985). In the decision whether to disclose the identity of a confidential informant, the court is required to balance the public interest in keeping the identity confidential against a defendant's need for the informant information in preparing his defense. *Id.* This is essentially a fact-bound inquiry "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. (quoting Roviaro v. United States,* 353 U.S. 53, 62, 77 S.Ct. 623, 629, 1 L.Ed.2d 639 (1957)); *United States v. Price,* 783 F.2d 1132, 1137 (4th Cir.1986). If the informant is not an integral participant in the criminal transaction, a defendant must come forward with something more than speculation as to the usefulness of the disclosure to his defense. *United States v. Smith, supra,* 780 F.2d at 1108. As the court does not have the benefit of the government's response and as the court is therefore unable to indulge in the required balancing, the government is ORDERED to immediately disclose whether it has used a confidential informer during the investigation of this case. In this regard, the government must give detailed reasons why disclosure of the identity of any informer should be prohibited. Information from the government should be filed no later than August 12, 1988. Thereafter, the court will determine whether the defendant should be informed of the person(s) identity.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

It might well develop that the defendant perceives the need to file additional motions once he has received the disclosure from the government ordered herein. If that is the case, the defendant should be able to support the need for additional motions with that filing. Accordingly, the defendant is GRANTED leave to file additional motions until August 15, 1988, *provided* said motions are predicated on evidence or matters not reasonably within the defendant's possession as of the deadline established by the court for the filing of the pre-trial motions now at bar.

---

**3.** To the extent the defendant relies upon *United States v. Holmes,* 722 F.2d 37 (4th Cir.1983) as authority requiring pre-trial disclosure of Jencks material, that reliance is misplaced. There, the court carefully refrained from establishing a rule in this circuit for early Jencks disclosure. Rather, because of the vague nature of the indictment and a stack of Jencks material eight inches thick plus a tape recording, the court found "an abuse of discretion on the part of the district court to deny a reasonable delay in the progress of the trial to permit counsel their studies and preparation." *Id.* at 41. Such a delay is permitted by 18 U.S.C. § 3500(c), recently made a part of the Federal Rules of Criminal Procedure at Rule 26.2(d).

**4.** The government's showing must be filed within ten (10) days of the date of service of this order.

MOTION FOR A BILL OF PARTICU-
LARS

In broad and conclusory fashion, defendant seeks specification, through a bill of particulars, of matters not set forth in the indictment which defendant alleges are essential to the preparation of his defense. Although defendant requests a laundry list of some 19 items, he provides not the first hint of legal analysis to support his position and no citation to caselaw or other authority. This motion, standing as it does with no accompanying or incorporated memorandum of law, is filed in direct violation of Local Rules of Practice and Procedure 4.04, E.D.N.C. Defendant's motion is, therefore, summarily DENIED.

SO ORDERED.[5]

---

**5.** Because I have previously granted defendant's motion for a determination of his mental competency to stand trial, and because defendant may wish to testify with respect to his motion to suppress, an evidentiary hearing on that matter will not be scheduled until defendant returns from Butner and is determined to be competent.