UNITED STATES of America,

v.

Carl COOPER, Defendant.

No. Crim. 99–0266(JHG).

United States District Court,
District of Columbia.

Feb. 29, 2000.

Steven R. Kiersh, Washington, DC, Francis Darron Carter, Washington, DC, for Defendant.

Kenneth Leonard Wainstein, U.S. Attorney's Office, Washington, DC, for U.S.

## OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

The 48–count indictment charging defendant, Carl Cooper ("Cooper"), with various racketeering acts of robbery, murder, conspiracy and firearms offenses was filed on August 4, 1999, and a jury trial is scheduled to commence May 2, 2000. The government is seeking the death penalty on three eligible offenses. Numerous motions have been filed in this case. By Memorandum Opinion and Order dated February 1, 2000, this Court denied Cooper's motions to suppress statements, wiretap interceptions, physical evidence, and photographic identification. *See United ed States v. Cooper*, 85 F.Supp.2d 1 (D.D.C.2000). By Memorandum Opinion and Order filed simultaneously with this Opinion, Cooper's motions challenging certain aspects of the RICO indictment have been denied.

On January 19 and February 3, 2000, the Court heard argument from counsel on several pending discovery motions. This Opinion and Order addresses those motions, as well as several others considered by the Court on the pleadings.

### Motion for Notice of Government's Intention to Use Residual Hearsay Exception

■ Cooper has filed two motions for notice of the government's intention to use residual hearsay under Fed.R.Evid. 804(b)(5) and 803(24), which have been "combined and transferred to" Fed.

R.Evid. 807 with "no change in meaning." Rule 807 Advisory Committee Note (1997). A statement may not be admitted under Fed.R.Evid. 807 unless "the proponent of it makes known [its intention to introduce the statement] to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it." Fed. R.Evid. 807. The defendant asks the Court to order the government to provide such notice in the event it intends to use residual hearsay evidence under Rule 807. The government states it will comply with the rule in the event it decides to use such evidence. Neither party has proposed a time frame for the providing of such notice. The Eleventh Circuit has held three days to be ample notice, *see United States v. Rouco*, 765 F.2d 983 (11th Cir.1985), and the Eighth Circuit has held that notice on the day of trial is sufficient, *see United States v. Calkins*, 906 F.2d 1240, 1245 (8th Cir.1990). In this case, if residual hearsay under Fed.R.Evid. 807 is to be used, notice conforming to the rule shall be given no later than April 28, 2000.

### Motion For An Order Directing the Government to Give Notice of Its Intent to Use Other Crimes Evidence Under Rule 404(b)

■ Cooper seeks an order requiring the government to provide immediate notice under Rule 404(b) of "other crimes and/or prior bad acts that it intends to introduce at trial regardless of whether those instances of conduct are also uncharged overt acts in furtherance of the conspiracy." Mot. at 2.[1] The government has agreed to provide notice of its intention to use Rule 404(b) evidence within thirty days prior to trial. However, the government notes that the bulk of its evidence will not be offered as Rule 404(b) evidence, but instead as direct proof of the

---

1. Fed.R.Evid. 404(b) states that "evidence of other crimes, wrongs or acts ... is admissible [for limited purposes], provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial ... of the general nature of any such evidence."

charged RICO and RICO conspiracy offenses.

Evidence that is offered as being "directly relevant to the charged offenses" is not "other crimes" evidence within the meaning of Rule 404(b). *See United States v. Badru*, 97 F.3d 1471, 1474–75 (D.C.Cir.1996). As such, "[w]hen the indictment contains a [RICO] conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself," and are thus not Rule 404(b) evidence. *United States v. Thai*, 29 F.3d 785, 812 (2d Cir.1994). The government is not required under Rule 404(b) to provide advance notice of its intent to use direct evidence of the RICO and RICO conspiracy charge. However, the government is required to provide to defendant notice of its intent to use Rule 404(b) evidence no later than April 3, 2000.

### Motion for Pre–Trial Hearing to Determine Admissibility of Testimony of Expert Witnesses

Relying on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), Cooper has filed a motion seeking pre-trial evidentiary hearings to determine the admissibility of expert testimony. Cooper does not state which expert testimony he deems unreliable and why; he argues that *Daubert* and *Kumho Tire* require pre-trial hearings as to all expert testimony.[2] The government argues a pre-trial hearing is unnecessary because the expert testimony it seeks to offer concerns scientific principles that are well-established and accepted in the community. The experts in question include, but are not limited to, ballistics and fingerprint experts, and medical examiners.

Although the Court must ensure that expert testimony is reliable and ad-

missible, there is nothing in *Kumho Tire* or *Daubert* that requires the Court to conduct a pre-trial evidentiary hearing if the expert testimony is based on well-established principles. *See United States v. Nichols*, 169 F.3d 1255, 1263 (10th Cir. 1999) (pre-trial hearing not required because "the challenged evidence does not involve any new scientific theory and the testing methodologies are neither new nor novel"). When a principle is well-established,

> the questions are simply whether the expert properly applied the established scientific principle to the facts and whether the expert's credibility is compromised for reasons such as bias. These are matters that a jury usually is competent to evaluate after cross-examination and presentation of competing expert testimony. Accordingly, where expert testimony is based on well-established science, the courts generally have concluded that reliability problems go to weight, not admissibility.

29 Charles A. Wright and Victor James Gold, *Federal Practice & Procedure* § 6266, at 265.

Fed.R.Evid. 104(c) requires this Court to conduct evidentiary hearings on admissibility of evidence when "the interests of justice [so] require." Unless necessary, it would be extremely time-consuming for this Court to conduct evidentiary hearings to determine the admissibility of the testimony of each government and defense expert in the case, as well as equally time consuming for the defendant and all counsel two months pre-trial. Certainly the interests of justice do not require the Court to conduct lengthy hearings when the admissibility of well-established principles can be readily determined at trial.

Therefore, Cooper's motion is denied without prejudice to renew. Any renewed

---

**2.** When asked at oral argument whether *Daubert* and *Kumho* would also require pre-trial hearings to determine the admissibility of Cooper's expert witnesses, defense counsel

stated that neither *Daubert* nor *Kumho* draws a distinction between government and defense witnesses.

motion must state specifically which expert testimony is challenged as unreliable and why the matter cannot be properly addressed at trial.[3] In addition, if the government has not already done so, it shall provide the defendant with the curriculum vitae and resumes of all expert witnesses whose reports have been provided to the defense within ten days of the date of this order.[4]

### Motion to Identify Witnesses With Juvenile Adjudications and Pending Juvenile Proceedings and to Inspect Juvenile Files

Cooper has filed a motion seeking (1) an order compelling the government to identify all witnesses, including adult witnesses, with either pending juvenile proceedings or juvenile convictions, and (2) in camera inspection by the Court of juvenile records. The parties agree that under *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the defendant may cross-examine a juvenile witness with a pending adjudication to demonstrate bias. With respect to the use of juvenile convictions as impeachment evidence, Fed. R.Evid. 609(d) states that juvenile convictions, while generally not admissible under the rule, may be used if "conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence." The Court will withhold decision on whether juvenile convictions may be used to impeach witnesses in this case until such time as an in camera inspection has been conducted. The government shall provide the Court, no later than April 3, 2000, with the juvenile records of *all* witnesses with such records. The Court will then conduct an in camera

inspection and disclose information as appropriate under either *Davis v. Alaska*, or Fed.R.Evid. 609(d).

■ Cooper also seeks an order requiring the government to disclose the identity of all witnesses with pending juvenile matters, or with juvenile convictions. At oral argument, defense counsel advised they needed this information for investigative purposes. Cooper is essentially asking for early disclosure of a portion of the government's witness list.

Because this is a capital case, Cooper is statutorily entitled to the government's witness list "at least three entire days before commencement of trial" unless the Court finds by a preponderance of the evidence that disclosure of the list will jeopardize the safety of witnesses. *See* 18 U.S.C. § 3432. Although some courts have held three days notice to be sufficient, other courts have required more notice. *See, e.g., United States v. Tipton*, 90 F.3d 861, 888 (4th Cir.1996) (ten days in advance of trial date); *United States v. Chandler*, 996 F.2d 1073, 1098 (11th Cir. 1993) (witness list provided fourteen days before and supplemented four days before commencement of trial); *United States v. Frank*, 11 F.Supp.2d 322, 325–26 (E.D.N.Y.1998) (two weeks before presentation of evidence at trial).

Although the government has indicated concern for witness safety in this case, it has not made specific arguments relating to any particular witness. The Court also recognizes the defendant's need for sufficient time to investigate and interview witnesses. The Court will order the government to provide its witness list to defendant no later than April 24, 2000. If the government has safety concerns about

---

**3.** All renewed motions must be filed no later than March 28, 2000; oppositions no later than April 7, 2000; replies no later than April 11, 2000. All pleadings shall be filed with the Clerk, with copies hand delivered to chambers and faxed to opposing counsel.

**4.** During oral argument, defense counsel acknowledged he received from the government reports prepared by the government's expert witnesses. However, the defendant noted he had not received the curriculum vitae and resumes of these expert witnesses. The government advised it would provide the requested information

disclosing the names of particular witnesses, it shall so advise the Court with illuminating detail, and *ex parte*, at least twenty-one days before the witness list is due.

### Defendant's Motion for an Order Directing the United States to Specify All Evidence Which May be Subject to Suppression

Cooper seeks a "pretrial written itemization of evidence arguably subject to suppression." Mot. at 2. The government states it has provided to defendant all of the information he is entitled to discover. Indeed, this Court held three days of evidentiary hearings on Cooper's four motions to suppress evidence, and issued a lengthy Memorandum Opinion and Order on February 1, 2000. The Court is confident the government is aware of, has complied with, and will continue to comply with its obligations in this regard. Cooper's motion is denied.

### Defendant's Motion for a Pretrial Hearing to Determine the Admissibility of Audio Tapes

■ Cooper has filed a motion seeking a pre-trial hearing to determine if the government's audio tape evidence is authentic, accurate and trustworthy. He offers no basis for challenging the authenticity of the tapes, nor does he explain why a pretrial hearing is necessary. The government acknowledges that it must establish the proper foundation before the tapes can be admitted into evidence, but argues that this matter can most efficiently be addressed at trial through testimony of witnesses. The Court agrees with the government and Cooper's motion is denied.

### Motion for a Bill of Particulars

Cooper has filed a motion for a bill of particulars. Specifically, he seeks the dates that each person entered the enterprise, participated in acts in furtherance of the enterprise, and left the enterprise. He seeks the amount of income or other proceeds that each person invested in the enterprise and each act performed by each person in the enterprise, including those that occurred "elsewhere," those that were performed for the purpose of enriching the conspiracy, and those that were performed for the purpose of preserving and protecting the enterprise. He seeks the make, model and serial number of each alleged stolen vehicle and firearm, the identity, date and location of each alleged act of violence, and the identity of each participant in the enterprise. He wants to know the government's position on how the murder of Sandy Griffin affected interstate commerce, whether the racketeering enterprise is considered close-ended or open-ended, and how the government intends to prove that the murder of Sandy Griffin was part of a pattern of racketeering conduct.

■ A bill of particulars may be ordered to "ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C.Cir.1987). However, "if the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Id.*

■ A bill of particulars is not necessary in this case. The indictment sufficiently sets out each of the violations involved, the dates and times of those violations, and the statutes violated. In addition, most, if not all of the information Cooper seeks has been provided either in the indictment, through the government's proffer of evidence submitted with its omnibus opposition to the defense motions, through either the discovery provided to date or the discovery that will be provided as ordered herein, or in the Government's Notice of Intent to Seek the Death Penalty. Cooper's motion is therefore denied.

## Motion for Pretrial Identification and Production of Jencks Material

■■■ Cooper seeks early disclosure of Jencks material. He argues that he cannot "in this extraordinarily unique circumstance, be in a position to evaluate Jencks material for the first time while the trial is proceeding .... such a procedure undoubtedly will deprive the defendant of the opportunity to investigate potentially exculpating information that is guaranteed to be within the so-called Jencks material." Mot. at 2. Citing witness safety concerns, the government opposes the early disclosure. At oral argument, the government, recognizing that production of Jencks material after direct examination is not the best way to proceed, stated that it would provide the information before direct examination. This is a capital case and disclosure of Jencks material no later than three entire days before that witness testifies will provide Cooper with sufficient time to prepare for his cross-examination, and foreclose the possibility of delay at trial. As with the list of witnesses, if the government has any specific safety concerns, it shall advise the Court no later than five days before the Jencks material is due.

## Motion to Disclose Identities of Each Confidential Informant Regardless of Whether They Will be Called At Trial and Motion for Immediate Disclosure of the Identities of Jailhouse Informants

Cooper seeks disclosure of the identities of confidential informants and tipsters who provided information to law enforcement authorities, whether or not they will testify. With respect to those individuals who will testify, the Court has already ruled that the government must provide its witness list to the defense no later than April 24, 2000.

■■■ With respect to tipsters who will not be called to testify, the government has provided the defendant with a list of 23 "leads," consisting of the names and addresses of individuals who telephoned the reward hotline claiming to have information concerning the Starbucks murders. The government has stated that although it had no obligation to provide the list to defense, see McLawhorn v. State of North Carolina, 484 F.2d 1 (4th Cir.1973) (the identity of a tipster who "supplies a lead to law enforcement officers to be pursued in the investigation of crime" need not be disclosed), it did so out of an abundance of caution. The defendant asserts he is unable to locate some of the individuals on the list and seeks, among other things, the current addresses of these individuals. After having provided the initial information, it is appropriate that the government disclose to the defense updated information in its possession. Although the government has most likely provided defendant with the most current information available, to the extent the government has updated names and addresses, it must provide that information to the defense within ten days of this order. Cooper's remaining arguments concerning the list of leads will be addressed below in connection with the motion to compel discovery.

■■■ With respect to confidential informants, Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that the identity of a confidential informant who will not be called to testify may be disclosed whenever the informer's testimony may be relevant and helpful to the defense. The Court must balance the public interest in protecting the identity of confidential informers against the accused's right to prepare his defense, "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id. at 61–62, 77 S.Ct. 623. As this Circuit has stated, in order to overcome the public interest in protecting the confidentiality of informants, the defendant must show that the informer was "an actual participant in or a witness to the offense charged, whose identity is necessary to the defense." United States v. Mangum, 100 F.3d 164,

172 (D.C.Cir.1996) (quoting *United States v. Skeens*, 449 F.2d 1066, 1071 (D.C.Cir. 1971)). The mere speculation by the defense, barren of specific supportive information, that an informer's testimony might be of some benefit to the defense is insufficient to overcome the public interest in protecting informants. *See Mangum*, 100 F.3d at 172; *United States v. Warren*, 42 F.3d 647, 654 (D.C.Cir.1994). The government claims it has already provided Cooper with the identities of cooperating informants who participated in transactions with the defendant. This was appropriate under *Mangum*. In addition, the government states it intends to call the cooperating witnesses at trial and thus, the government correctly notes the defendant is not entitled to their identities until the government provides its witness list.

### Motion for Pre-trial Production of Statements of Persons Who Will Not Be Called As Witnesses at Trial

 Cooper seeks production of all statements made by alleged co-conspirators who will not be called to testify at trial. Cooper is not entitled to the statements of non-testifying co-conspirators unless those statements qualify as *Brady* material. *See United States v. Williams–Davis*, 90 F.3d 490 (D.C.Cir.1996); *United States v. Tarantino*, 846 F.2d 1384 (D.C.Cir.1988); *United States v. Roberts*, 811 F.2d 257 (4th Cir.1987) (en banc). Cooper also seeks production of statements made by other witnesses who will not be called to testify at trial, specifically those individuals who provided information to the police "which led law enforcement to investigate persons other than Carl Cooper." Mot. at 2. The Court has already addressed this aspect of Cooper's motion with respect to the list of 23 "leads" provided by the government. To the extent Cooper seeks any other statements, his motion is denied. The Court is confident the government is aware of, has complied

with, and will continue to comply with, its *Brady* obligations.

### Motion to Compel Discovery

Cooper has filed a motion to compel what he considers *Brady* and *Giglio* material. Some of the specific requests were made in the motion, others were made during oral argument on January 19 and February 3, 2000. Cooper's attorneys advised during oral argument that they received the names and addresses of the Starbucks employees questioned, the license plate tags on the Chrysler automobile, and the name and address of the female victim in the robbery and shooting of Officer Howard. Cooper withdraws his motion as to these specific requests. The remaining discovery requests are addressed below.[5]

*Names and Addresses of Suspects in Starbucks Investigation and Other Information Requested in Addendum to Motion for Discovery*

Cooper filed a motion seeking the names and addresses of all individuals who called the hotline or were investigated in the Starbucks case. The government, although it took the position that such information was not discoverable, nonetheless provided the defense with a list of "leads," consisting of the names and addresses of individuals who called the hotline claiming to have information on the Starbucks case. Cooper has filed an addendum to his motion to compel discovery seeking additional information concerning these leads. First, he asks for current names and addresses. The Court has already granted his request.

 Second, Cooper seeks the entire contents of the police investigative files with respect to each of the 23 leads, including "all 302's, witness statements, and running resumes." Addendum at 7. The

---

**5.** The additional discovery requested in Cooper's pleading entitled Supplement No. 1 to the Defense Motion to Compel, filed February

24, 2000, will be addressed in a separate order.

government objects to the requested information on the ground it has no obligation to provide its entire investigatory files. *See United States v. Agurs,* 427 U.S. 97, 109, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) ("[T]here is no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.") (quoting *Moore v. Illinois,* 408 U.S. 786, 795, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972)); *Tarantino,* 846 F.2d at 1416 ("But under *Brady,* 'the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.'") (quoting *United States v. Bagley,* 473 U.S. 667, 675, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). The government has already provided the defendant with the names and addresses of the callers and those persons identified by the callers, the dates of the calls, summaries of the calls, and several investigative reports that were generated. The defendant has more than sufficient information to investigate the leads and obtain information on his own. The government clearly understands its continuing obligations. Cooper's motion for disclosure of the government's files with respect to the leads investigated is denied.

Third, Cooper seeks a ruling from the Court that evidence relating to the 23 leads is admissible at trial to show that someone else may have committed the crimes for which Cooper is charged. Cooper's motion is premature. He has not indicated what evidence he seeks to admit with respect to the leads. All he has presented to the Court is the government's list of telephone calls made to the hotline, and the government's investigation of those leads. Clearly this is insufficient to establish admissibility. Cooper's motion is denied without prejudice to renew. Any renewed motion must outline specifically what evidence Cooper seeks to use and why that evidence would be relevant at trial.

Lastly, Cooper seeks to take depositions with respect to the leads. He does not say whose depositions he proposes to take, only that the "parties can submit a list of necessary witnesses to be deposed. The list will be derived from the 23 investigative 'leads' identified by the United States." Addendum at 6. Depositions are used in criminal cases only upon a showing of "exceptional circumstances." *See* Fed.R.Crim.P. 15(a); *United States v. Kelley,* 36 F.3d 1118, 1124 (D.C.Cir.1994). Exceptional circumstances can be demonstrated by a showing of materiality, the unavailability of witnesses to testify at trial, and something beyond speculation that the evidence will exculpate the defendant. *See Kelley,* 36 F.3d at 1125. "The purpose of Rule 15(a) is to preserve testimony for trial, not to provide a method of pretrial discovery." *Id.* at 1124 (internal quotations and citations omitted). Clearly, Cooper has not demonstrated exceptional circumstances. Although he has not articulated precisely his reasons for wanting to take depositions, no one can question his desire to obtain discovery. In fact, during oral argument Cooper's counsel repeatedly mentioned how depositions would be useful to obtain further information concerning the leads provided by the government. Cooper is free to interview the individuals named in the government's list. He does not need a deposition to do that. His motion is denied.

*Name and Address of Persons Investigated in the Shooting of Officer Howard*

Cooper seeks the names and addresses of persons who were investigated in the shooting of Officer Howard. Although the government has provided one such name, Cooper renews his request in the event there are others. It is expected the government will continue its *Brady* obligations in this regard.

*Forensic and Fingerprint Testing*

Cooper seeks the results of the forensic and fingerprint tests conducted in this case. The government states that it has

provided everything to Cooper. The Court accepts the government's representation with the expectation that should there be additional results, the government will promptly provide those results to the defense.

*Information Concerning Government Witnesses Motivated by Starbucks Reward Money*

 Cooper seeks "any and all information surrounding the hundred thousand dollar ($100,000.00) reward that the Starbucks corporation pledged to individuals who provided police with information leading to arrest" in the Starbucks matter. Mot. to Compel at 12. To the extent this information is impeachment material, it must be provided to the defense. The government recognizes its obligation to provide this evidence and correctly asserts the information must be provided in sufficient time for the defense to make effective use of it. *See United States v. Dean,* 55 F.3d 640, 663 (D.C.Cir.1995). The government declines to provide the information before trial because (1) it does not want to subject witnesses to months of scrutiny and attention which may result because of the high media interest in this case and, (2) the government is concerned about the safety of the witnesses. In addition, defense counsel indicated during oral argument that they intend to perform credit checks on the individuals in question. The government does not wish to subject witnesses to credit checks if they will not be testifying.

The Court finds that disclosure of the names, addresses, and telephone numbers, if any, of all persons who have received, or may be entitled to receive, all or a portion of the reward money offered in connection with the Starbucks murders must be provided no later than April 24, 2000 (with the witness list). This will provide sufficient time for the defendant to make effective use of the information in this capital case, and to alleviate the government's privacy and safety concerns. Should the government have any particular witness safety concerns, it can make a showing to the Court at least twenty-one days prior to the date this material is due.

*Discovery Concerning Eric Blanton*

 Cooper seeks discovery concerning Eric Blanton, who was stopped and questioned after the murder of Sandy Griffin. Blanton was released after witnesses were unable to identify him as the perpetrator and, according to the government, investigation of Blanton ended with Blanton's release. A test was done on Blanton's hands for gunshot residue. Blanton is currently incarcerated in the District of Columbia for an unrelated crime. The defense has asked for the powder residue test results, the names and business addresses of all officers who spoke to Blanton, and the entire contents of the police files. The government has stated it will turn over the gunshot residue tests upon completion. If it has not already done so, the government must provide to the defense, within ten days of this order, the gunshot residue tests and the names and business addresses of the officers who questioned Blanton. As noted above, the government is not required to turn over the entire police files and the Court will not order it to do so.

## CONCLUSION

For the reasons stated above, it is hereby

ORDERED that if residual hearsay evidence under Fed.R.Evid. 807 is to be used, notice conforming to the rule shall be given no later than April 28, 2000; and it is

FURTHER ORDERED that the government shall provide defendant with notice of its intent to use Rule 404(b) evidence as defined in this Opinion and Order no later than April 3, 2000; and it is

FURTHER ORDERED that defendant's motion for a pre-trial hearing to determine admissibility of expert witness testimony is denied without prejudice to renew in a timely manner subject to the conditions set forth in this order. The

government shall provide the defendant with the curriculum vitae and resumes of all expert witnesses whose reports have been provided to the defense within ten days of the date of this order; and it is

FURTHER ORDERED that the government shall provide to the Court, no later than April 3, 2000, the juvenile records of all witnesses with such records. The Court will then conduct an in camera inspection and disclose information as appropriate under either *Davis v. Alaska*, or Fed.R.Evid. 609(d); and it is

FURTHER ORDERED that the government shall provide defense counsel with its witness list no later than April 24, 2000. If the government has safety concerns about disclosing the names of certain witnesses, it shall advise the Court of the particulars of that concern no later than twenty-one days before the witness list is due; and it is

FURTHER ORDERED that defendant's Motion for an Order Directing the United States to Specify All Evidence Which May be Subject to Suppression is denied; and it is

FURTHER ORDERED that defendant's Motion for a Pretrial Hearing to Determine the Admissibility of Audio Tapes is denied; and it is

FURTHER ORDERED that defendant's Motion for a Bill of Particulars is denied; and it is

FURTHER ORDERED that defendant's motion for early production of Jencks material is granted and the government shall provide such material no later than three entire days before that witness testifies. If the government has any particular safety concerns it shall advise the Court of the particulars of that concern no later than five days before the Jencks material is due; and it is

FURTHER ORDERED that the government, to the extent it has the information in its possession and has not already provided it to the defendant, shall provide within ten days of the date of this order the current names and addresses of the individuals identified in the list of 23 "leads;" and it is

FURTHER ORDERED that defendant's Motion for Pretrial Production of Statements of Persons Who Will Not Be Called as Witnesses at Trial is denied; and it is

FURTHER ORDERED that Cooper's motion to compel the government to turn over its investigative files concerning the 23 "leads" generated by the government is denied; and it is

FURTHER ORDERED that Cooper's motion for a ruling that evidence concerning the 23 "leads" is admissible at trial is denied without prejudice to renew. Any timely filed renewed motion must state the specific evidence Cooper seeks to admit at trial, and why that evidence is relevant; and it is

FURTHER ORDERED that Cooper's motion to take depositions is denied; and it is

FURTHER ORDERED that the government shall provide the names, addresses and telephone numbers, if any, of all persons who have received, or may be entitled to receive, all or a portion of the reward money offered in connection with the Starbucks murders no later than April 24, 2000. Should the government have any specific safety concerns it shall advise the Court of the particulars of those concerns no later than twenty-one days prior to the date this material due; and it is

FURTHER ORDERED that the government shall turn over the results of the gunshot residue tests on Eric Blanton, and the names and business addresses of the officers who questioned Eric Blanton after the murder of Sandy Griffin, within ten days of the date of this order.

The Court expects the government will be vigilant in ensuring that it fulfills all of

its *Brady, Giglio* and other discovery obligations. *See Dean,* 55 F.3d at 663

IT IS SO ORDERED.